# EXHIBIT # C



Alba Pico
First Deputy Commissioner

42 Broadway
9th Floor
New York, NY 10004

nyc.gov/consumers

February 22, 2016

BY FIRST-CLASS AND CERTIFIED MAIL

Alan S. Feldman
18 White Cliff Lane
Nesconset, NY 11767-1608

RE:   Denial of Application No. 167-2016-RPSI

Dear Mr. Feldman:

You submitted to the Department of Consumer Affairs (the "Department" or "DCA") an application to renew individual Process Server License Number 0946641. This letter is to inform you that **the Department denies your application.** As explained below, the denial is based on the Department's determination that you are not fit to be licensed, pursuant to New York City Administrative Code ("Code") § 20-101, due to your failure to maintain standards of integrity, honesty, and fair dealing required of licensees.

**Sewer Service/False Affidavits of Service**

6 RCNY § 2-234 requires licensed process servers to "at all times strictly and promptly conform to all laws, rules, regulations and requirements of the federal, state and municipal authorities relating to the conduct of licensees and the service of process in the State of New York and the preparation, notarization and filing of affidavits of service and other documents now in force or hereafter adopted during any license period."

1)   You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon Trust Company National Association v. Merlin Seraneau, et al.* (Index No. 506121/15, Kings Sup. Ct.) and swearing falsely in two affidavits of service in that matter that you served defendants Merlin Seraneau and Shari Seraneau with a summons and complaint on **June 13, 2015** by delivering the papers to Shari Seraneau. In fact, you did not deliver papers to anyone at the Seraneaus' residence on June 13, 2015.

2)   You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Delille Thomas, et al.* (Index No. 702111/15, Queens Sup. Ct.) and swearing falsely in

Page **1** of 7



an affidavit of service that you served defendant Delille Thomas with a summons and complaint on **March 11, 2015** by delivering the papers to "Angelique Alexander, Co-Resident." In fact, you did not deliver papers to anyone at Mr. Thomas's residence on March 11, 2015. Angelique Alexander is Mr. Thomas' niece, but due to a court order, had not visited Mr. Thomas' home since 2013. Moreover, the physical description contained in your affidavit of service does not match Ms. Alexander's actual appearance, nor the appearance of anyone who lived with Mr. Thomas on March 11, 2015.

3) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *U.S. Bank National Association v. Elka Shereshevsky, et al.* (Index No. 512070/14, Kings Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Gerard Crockett with a summons and complaint on **February 13, 2015** by delivering the papers to "JOE ADAMS, CO-OCCUPANT." In fact, you did not deliver papers to anyone at Mr. Crockett's residence on February 13, 2015. On that date, Mr. Crockett lived alone. The court dismissed the complaint in this matter after a traverse hearing.

4) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Bank of America, N.A. v. Christina Adams, et al.* (Index No. 17996/14, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Christina Adams with a summons and complaint on **January 7, 2015** by delivering the papers to "JOHN MYERS, CO-RESIDENT." In fact, you did not deliver papers to anyone at Ms. Adams's residence on January 7, 2015. On that date, Ms. Adams did not live with anyone named John Myers.

5) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. George Fragedis, et al.* (Index No. 701676/14, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant George Fragedis with a summons and complaint on **May 13, 2014** by delivering the papers to "John Doe" at 24401 73rd Avenue, Apt. 1, Little Neck, New York. In fact, you did not deliver papers to anyone at 24401 73rd Avenue, Apt. 1, Little Neck, New York on May 13, 2014. Mr. Fragedis had not lived at that address, where his mother lives, for several years, and no one living there matched the physical description contained in your affidavit of service.

6) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *U.S. Bank National Association v. Shirley Morgan, et al.* (Index No. 501017/14, Kings Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Shirley Morgan with a summons and complaint on **February 8, 2014** by delivering the papers to "'Mary Doe' (refused name), Niece," whom you described as a 38-year old female, black skin, black hair, 5'5" tall, and weighing 145 pounds. In fact, you did not deliver papers to anyone at Ms. Morgan's residence on February 8, 2014. The physical description contained in your affidavit of service did not match the description of anyone residing at 965 Madison Street, 1st Floor, Brooklyn, New York, where you purportedly effected service. A Referee sustained traverse after a hearing.



7) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. Briznand Somraj, et al.* (Index No. 704673/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Briznand Somraj with a summons and complaint on **November 4, 2013** by delivering the papers to "MICHAEL HOSSAIN, NEPHEW." In fact, you did not deliver papers to anyone at Mr. Somraj's residence on November 4, 2013. On that date, Mr. Somraj did not have a nephew named Michael Hossain and did not know anyone named Michael Hossain. In addition, the physical description contained in your affidavit of service does not match anyone that had ever visited Mr. Somraj's home.

8) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ruben Abramov, et al.* (Index No. 704849/13, Queens Sup. Ct.) and swearing falsely in <u>two</u> affidavits of service in that matter that you served defendants Ruben Abramov and Svetlana Abramov with a summons and complaint on **November 2, 2013** by delivering the papers to "Joseph Abramov, Relative/Refused Relationship." In fact, you did not deliver papers to anyone at the Abramov's residence on November 2, 2013.

9) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of N.Y. Mellon v. John W. Miller, et al.* (Index No. 704254/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant John W. Miller with a summons and complaint on **October 22, 2013** by delivering the papers to "John Doe." In fact, you did not deliver any papers to anyone residing at Mr. Miller's residence on October 22, 2013.

10) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Wells Fargo Bank, N.A. v. Ernest Moton, et al.* (Index No. 703295/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ernest Moton with a summons and complaint on **August 23, 2013** by delivering the papers to "Sonia Moton, Wife" at 126-13 143rd Street, Jamaica, New York. In addition, you falsely swore in the affidavit of service that you asked Mr. Moton's wife "whether the defendant was in active military service of the United State or of the State of NY in any capacity whatever and received a negative reply." In fact, on August 23, 2013, you did not deliver papers to anyone residing at 126-13 143rd Street, Jamaica, New York. If you had delivered, or attempted to deliver, papers to Mr. Moton's wife, Ansonia Moton, she would have undoubtedly informed you that Mr. Moton died in 2012, especially if you had asked her whether Mr. Moton was in active military service.

11) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Suntrust Mortgage, Inc. v. Stanford Paisley, et al.* (Index No. 10337/13, N.Y. Sup. Ct.) ("*Paisley*") and swearing falsely in an affidavit of service in that matter that you served defendant Stanford Paisley with a summons and complaint on **June 10, 2013** by delivering the papers to "Analee Paisley, Daughter." In fact, you did not deliver papers to anyone at Mr. Paisley's residence on June 10, 2013. The court dismissed the complaint in this matter after a traverse hearing, finding that "no one in



defendant's household of suitable age and discretion who matches the physical description in [your] logbook or affidavit of service was served by [you]."

12) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ramon Martinez, et al.* (Index No. 700030/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ramon Martinez with a summons and complaint on **April 2, 2013** at 5:15 p.m. at 227-06 53rd Avenue, Bay Shore, NY 11364 by personal service. In fact, you did not deliver papers to Mr. Martinez on April 2, 2013. He did not live in Bay Shore on that date.

13) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *The Bank of New York Mellon v. Ramon Martinez, et al.* (Index No. 700030/13, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Ximena Ibarra with a summons and complaint on **January 26, 2013** at 12:52 p.m. by personal service. In fact, you did not deliver papers to Ms. Ibarra on January 26, 2013.

14) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Nationstar Mortgage LLC v. Corliss Owens, et al.* (Index No. 17599/12, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Corliss Owens with a summons and complaint on **September 10, 2012** by delivering the papers to "MAURICE BENNETT, NEPHEW." In addition, you falsely swore in the affidavit of service that you asked Maurice Bennett "whether the defendant was in active military service of the United State or of the State of NY in any capacity whatever and received a negative reply." In fact, you did not deliver papers to anyone at Mr. Owens's residence on September 10, 2012. On that date, Mr. Owens did not have a nephew named Maurice Bennett, did not know anyone named Maurice Bennett, and did not know anyone fitting the description of the person you described in your affidavit of service.

15) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *West Coast Servicing Inc. v. Agnes Simon, et al.* (Index No. 16553/12, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Agnes Simon with a summons and complaint on **August 24, 2012** by delivering the papers to "Brian Walker, Cousin." In fact, you did not deliver papers to anyone residing at Ms. Simon's residence on August 24, 2012. On that date, Ms. Simon did not have a cousin named Brian Walker, did not have a relative named Brian Walker, did not know anyone named Brian Walker, and did not live with any other male residents.

16) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *OneWest Bank, FSB v. Chaitram Jhagroo, et al.* (Index No. 2833/12, Kings Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Chaitram Jhagroo with a summons and complaint on **February 18, 2012** at 3:47 p.m. by personal service. In fact, you did not deliver papers to anyone residing at Mr. Jhagroo's residence on February 18, 2012. Mr. Jhagroo was at work on February 18, 2012 at 3:47 p.m. and no one was at his home to answer the door.

FILED: NEW YORK COUNTY CLERK 04/25/2017 10:37 AM
NYSCEF DOC. NO. 3
INDEX NO. 153791/2017
RECEIVED NYSCEF: 04/25/2017
Case 1:21-cv-03216-LDH-PK   Document 1-1   Filed 06/07/21   Page 30 of 41 PageID #: 35



17) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Mirbourne NPN2, LLC v. Van Douglas Walker, et al.* (Index No. 190/12, Kings Sup. Ct.) and swearing falsely in an affidavit of service that (a) you served defendant Van Douglas Walker on **January 21, 2012** by delivering the papers to "TERRY BOYD," (b) Terry Boyd is defendant Van Douglas Walker's "COTENANT," and (3) Terry Boyd "verified that [Van Douglas Walker] actually resides at [494 Halsey Street, Brooklyn, NY 11233]." In fact, you did not deliver any papers to anyone at Mr. Walker's residence on January 21, 2012. On that date, Van Douglas Walker resided in North Carolina, not the Brooklyn address where you purportedly served him. The court dismissed the complaint in this matter after a traverse hearing.

18) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *PNC Bank v. Mahadeo Ramcharran, et al.* (Index No. 2896/11, N.Y. Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Mahadeo Ramcharran with a summons and complaint on **February 7, 2011** by personal service. In fact, you did not meet or deliver any papers to Mr. Ramcharran on February 7, 2011. The court dismissed the complaint in this matter after a traverse hearing, finding that "service of process was not effectuated upon the defendant."

19) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *BAC Home Loans Servicing LP v. Mark Peterson, et al.* (Index No. 25105/09, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Mark Peterson with a summons and complaint on **September 25, 2009** by delivering the papers to "MR. PETERSON (FAMILY MEMBER)," whom you described "as approximately 50 to 59 years of age, 175 to 199 lbs., 5-8 to 5-11 ft, male, black hair, black skin." In fact, you did not deliver papers to anyone at Mr. Peterson's residence on September 25, 2009. The physical description contained in your affidavit of service did not match the description of anyone residing at 9235 217th Street, Queens Village, New York, where you purportedly effected service.

20) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Kymberli Johnson, et al.* (Index No. 19089/09, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Kymberli Johnson with a summons and complaint on **July 22, 2009** by delivering the papers to "ROBERT NIXON (CO-OCCUPANT)," whom you described in your affidavit of service as 31 to 39 years old. In fact, you did not deliver any papers to anyone at Ms. Johnson's residence on July 22, 2009. Robert Nixon is Ms. Johnson's ex-step-grandfather, is significantly older than 39, and neither lived with Ms. Johnson nor was present at her home on July 22, 2009.

21) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Lasalle Bank National Association v. Marilyn A. Crammer, et al.* (Index No. 21711/08, Queens Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Marilyn Crammer with a summons and complaint on **September 5, 2008** by delivering the papers to "MS.



CRAMMER – FAMILY MEMBER." In fact, you did not deliver any papers to anyone at Ms. Crammer's residence on September 5, 2008. On that date, Ms. Crammer lived only with her two sons. Moreover, neither Ms. Crammer nor anyone living with Ms. Crammer on September 5, 2008 matched the physical description contained in your affidavit of service. The court dismissed the complaint in this matter after a traverse hearing.

22) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Washington Mutual Bank v. Matthew Huggins, et al.* (Index No. 43036/07, Kings Sup. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Matthew Huggins with a summons and complaint on **November 28, 2007** by delivering the papers to "Mr. Salas, Co-Resident." In fact, you did not deliver any papers to anyone at Mr. Huggins's residence on November 28, 2007. On that date, Mr. Huggins did not have a co-resident named Mr. Salas and the physical description contained in your affidavit of service did not match the description of anyone residing at 11435 155th Street, Jamaica, New York, where you purportedly effected service. The court dismissed the complaint in this matter after a traverse hearing.

23) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *HSBC Bank USA v. Bonnie Hughes, et al.* (Index No. 27649/07, Queens Sup. Ct.) and swearing falsely in an affidavit of service that you served defendant Bonnie Hughes with a summons and complaint on **November 12, 2007** at 5:15 a.m. by delivering the papers to "MILLARD HUGHES-RELATIVE." In fact, you did not deliver papers to anyone residing at Ms. Hughes's residence on November 12, 2007.

24) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Deutsche Bank National Trust Co. v. Chevon White, et al.* (Index No. 26178/07, Queens Sup. Ct.) and swearing falsely in <u>two</u> affidavits of service in that matter that you served defendants Chevon White and Patrick Jumpp with a summons and complaint on **October 29, 2007** by delivering the papers to Patrick Jumpp. In fact, you did not deliver any papers to Mr. Jumpp or anyone else at Ms. White and Mr. Jumpp's residence. On October 29, 2007, Mr. Jumpp was 6 feet tall and weighed only 85-90 pounds due to chemotherapy. However, you described Mr. Jumpp in two separate affidavits of service as 5'8" tall and 175 pounds. The court dismissed the action after a traverse hearing.

25) You violated 6 RCNY § 2-234 by failing to serve process in compliance with CPLR § 308 in the matter of *Portfolio Recovery Associates, LLC v. Luis Tavales* (Index No. 9589/07, Queens Civ. Ct.) and swearing falsely in an affidavit of service in that matter that you served defendant Luis Tavales with a summons and complaint on **January 23, 2007** by delivering the papers to "CASSANDRA TAVALES, RELATIVE." In fact, you did not deliver papers to anyone residing at Mr. Tavales's residence on January 23, 2007. On that date, Mr. Tavales did not know anyone by the name Cassandra, did not have a relative named Cassandra Taveles, lived alone in a 1-bedroom apartment, and did not allow anyone else into his residence.



**Fitness to Hold a Process Server License**

Based on the foregoing, you fail to maintain standards of integrity, honesty and fair dealing and, pursuant to section 20-101 of the Code, the Department determines that you are not fit to hold any Department license and denies your application to renew your process server license.

Sincerely,

Alvin A. Liu, Esq.
Senior Staff Attorney
Legal Division