# EXHIBIT # D

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: LUCY BILLINGS, JSC _____ Justice

PART __46__

ALAN S. FELDMAN

INDEX NO. 151523/2018

-v-

LORELEI SALAS, as Commissioner of the New York City Department of Consumer Affairs, and JORDAN P. COHEN, as Associate General Counsel of the New York City Department of Consumer Affairs

MOTION DATE _____

MOTION SEQ. NO. __001__

The following papers, numbered 1 to __8__, were read on this motion to/for petition annul respondents' determination

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). __1-8__
Answering Affidavits — Exhibits _____ | No(s). _____
Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered ~~that this motion is~~ and adjudged that:

This proceeding is settled and discontinued pursuant to the accompanying stipulation.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: __4/26/18__

_____, J.S.C.

1. CHECK ONE: ....................... ☑ CASE DISPOSED ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........MOTION IS: ☐ GRANTED ☐ DENIED ☑ GRANTED IN PART ☐ OTHER
3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER ☐ SUBMIT ORDER
   ☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X    Index No. 151523/2018
In the Matter of the Application of                                 Hon. Lucy Billings
Alan S. Feldman

                      Petitioner,             STIPULATION OF
-against-                                                           SETTLEMENT

Lorelei Salas, as Commissioner of the New York City
Department of Consumer Affairs, and Jordan P.
Cohen, as Associate General Counsel of the New
York City Department of Consumer Affairs

                      Respondents,

For Judgment Pursuant to CPLR Article 78
---------------------------------------------------------------X

      THIS SETTLEMENT AGREEMENT ("Agreement") is made as of the date set forth below, between and among Alan S. Feldman (the "Petitioner") and Lorelei Salas, as Commissioner of the New York City Department of Consumer Affairs ("DCA"), and Jordan P. Cohen, as Associate General Counsel of DCA (the "Respondents").

      WHEREAS, on or around January 7, 2016, Petitioner filed an application to renew his process server individual ("PSI") license, number 0946641, which was subsequently denied by DCA on February 22, 2016; and,

      WHEREAS, upon petition filed by Petitioner under New York County Clerk index numbers 100225/2016 and 100287/2016, the Hon. Lucy Billings issued a decision on August 28, 2017 vacating DCA's February 22, 2016 denial of

Page 1 of 8

Petitioner's renewal application (former license number 0946641) and ordered DCA to re-evaluate that application; and,

WHEREAS, subsequent to Justice Billings' August 28, 2017 decision, DCA mistakenly issued Petitioner PSI license number 2058467 on or about September 20, 2017; and,

WHEREAS, on February 7, 2018, DCA revoked Petitioner's PSI license number 2058467 and denied Petitioner's license renewal application for license number 0946641;

WHEREAS, Petitioner submitted an application for renewal of PSI license number 2058467 which continues to be under review by DCA; and,

WHEREAS, on February 21, 2018, Justice Billings issued an order filed under New York County Clerk index number 151523/2018 staying Respondents' revocation of Petitioner's PSI license number 2058467; and,

WHEREAS, Petitioner and Respondents wish to settle their differences and resolve any and all disputes and obligations between them;

NOW THEREFORE, IT IS HEREBY AGREED, in consideration of the foregoing and the mutual promises, covenants and agreements hereinafter contained the receipt and sufficiency of which are hereby acknowledged, Petitioner and Respondents agree as follows:

1. The above Recitals are true and correct and are hereby incorporated herein, as if fully set forth herein.

2. Petitioner and Respondents expressly deny any wrongdoing, and this Release shall in no way constitute an admission, nor shall it be construed as an admission, of any wrongdoing or of any liability whatsoever on the part of any party to this Agreement.

3. Petitioner shall pay Respondents a fine in the sum of $3,000.00 for Petitioner's alleged violations of the laws and rules governing process servers. Payment shall be made by check to the order of the City of New York, and delivered to the New York City Department of Consumer Affairs, 42 Broadway 9th Floor, New York, NY 10004, Attention: Jordan P. Cohen, Esq. on or before thirty (30) days from the date this Agreement is fully executed. A copy of the check shall simultaneously be provided to Respondents' attorney.

4. Within five (5) days of petitioner's payment of the fines set forth in paragraph 3 herein, DCA shall reinstate license number 2058467 and grant Petitioner's renewal license application for license number 2058467 for the current license term, under the following terms and conditions:

   (a) Petitioner shall be on probation until May 1, 2019 (the "Probationary Period").

(b) During the Probationary Period, Petitioner shall provide all documents required to be maintained under the laws and rules applicable to process servers within ten (10) business days of a request by DCA.

(c) In addition to the notices required under Rules § 2-236, Petitioner shall also obtain a copy of the court's order or decision providing the final result, where one exists,* on any traverse hearings that actually occur— including any stipulation or court file jacket setting forth the final result of the matter—and shall append a copy thereof to the required notice under Rules § 2-236(c). Petitioner acknowledges that "Decision reserved" is <u>not</u> a final result.

*AND IS AVAILABLE TO petitioner

(d) During the Probationary Period, if Respondents determine Petitioner violated specific provisions of Respondents' laws and rules governing process servers, including but not limited to those sections previously in dispute, Respondents shall have the right to immediately suspend Petitioner's license. The suspension will take effect at the same time Respondents send Petitioner a summons alleging violations of DCA's laws and rules. The summons will be returnable to the Office of Administrative Trials and Hearings ("OATH"). The suspension shall remain in effect until OATH issues a decision in the matter. If Petitioner is found guilty of the charges in the summons that formed the basis of the suspension, he will be liable for the maximum penalties set forth in New York City Administrative Code § 20-409.1 for each violation.

5. Petitioner's license shall appear as "active" on Respondents' website so long as Respondents continue to maintain an online license lookup and so long as Petitioner's license is not suspended, revoked, or denied.

6. All notices, required or permitted to be given to Petitioner with respect to this Agreement shall be valid only if in writing and mailed to Petitioner at the address DCA has on record for petitioner ~~which is, as of the date of this Stipulation,~~ with a copy to MICHAEL A. MARKOWITZ, ESQ. 1553 Broadway, Hewlett NY 11557

Page 4 of 8

7. All notices, required or permitted to be given by Petitioner to DCA, with respect to this Agreement shall be valid only if in writing and mailed to:

   (a) Respondents: New York City Department of Consumer Affairs, Att: Jordan P. Cohen, Esq., 42 Broadway 9th Floor, New York, NY 10004; with a copy to New York City Law Department, Attn: Kerri Ann Devine, Esq., 100 Church Street, New York, NY 10007.

8. ~~Respondent~~ *Petitioner* shall withdraw, with prejudice, Feldman v. City of New York, Index number 153791/17 (Sup. Ct. N.Y. Co. Tisch, J.), and Feldman v. City of New York, Index No. 155895/17 (Sup. Ct. N.Y. Co. Tisch, J.), *and the petition in this proceeding.*

9. This Agreement and all documents and instruments executed in connection with this Agreement or in furtherance of this Agreement may not be amended, modified, or supplemented, except by an instrument in writing signed by all parties to this Agreement.

10. Upon execution of this agreement, Petitioner's attorney shall promptly notify the Court and file this Agreement without further notice. Petitioner and Respondents consent to this Agreement being "So Ordered" by the Court. This Agreement may be executed in two or more counterparts, all of which when taken together shall be considered one and the same agreement. Facsimile or scanned copies of signatures shall be deemed originals.

11. Except to the extent set forth herein, this Stipulation shall in no way limit or diminish any rights or remedies which the City of New York may possess

Page 5 of 8

with respect to occurrences or conditions which may arise after execution of this Stipulation.

12. Nothing contained herein shall be deemed to be an admission by any of the parties herein of any wrongdoing. The parties, for themselves and their officers, employees, agents or representatives further disclaim that they have in any manner or way acted inconsistently with the requirements of state of federal law or that any action undertaken by any of them is preempted by state of federal law.

13. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

14. This Stipulation and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the substantive laws of the State of New York. The parties represent that they have each consulted with and have been advised by counsel of their own choosing in connection with this lawsuit and this Stipulation. The parties further acknowledge that each party and its counsel have reviewed, negotiated and revised this Stipulation, and that the language in all parts of this Stipulation shall be construed, in all cases, according to its fair meaning, and that any rule of construction to the effect that any ambiguities are to be resolved against the drafting party is inappropriate and shall not be employed in the interpretation

of this Stipulation.

15. The Stipulation, including any exhibits referred to herein, sets forth the entire agreement and understanding among the parties with respect to the subject matter hereof, shall inure to the benefit of the parties and their respective successors and assigns, and merges and supersedes all such prior discussions, agreements and understandings among the parties.

16. The Stipulation may be executed in counterparts. Facsimile copies of signatures shall be deemed originals.

IN WITNESS WHEREOF,

Dated:

New York City Law Department

By Kerri Ann Devine, Esq., Senior Counsel

~~Dated:~~

~~Alan S. Feldman~~

Dated: 4-26-18
Michael A. Markowitz, P.C.

By: Michael A. Markowitz, Esq.,
Attorney for Petitioner.

So Ordered,

Hon. Lucy Billings, J.S.C.

**LUCY BILLINGS**
J.S.C.

Page **8** of **8**

9 of 9